UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EBRIMA DARBOE, on his own behalf and on behalf of all similarly situated employees,<br><br>Plaintiffs,<br><br>vs.<br><br>ACADEMY EXPRESS, LLC, and AIRPORT EXPRESS, LLC,<br><br>Defendants. | Civil Action No.: 2:25-cv-15390-SRC-JRA<br><br>SECOND AMENDED COLLECTIVE ACTION COMPLAINT<br><br>Jury Trial Demanded |

Plaintiff Ebrima Darboe ("Darboe" or "Named Plaintiff") on behalf of himself and all other similarly situated employees (collectively with Named Plaintiff referred to as "Plaintiffs"), by and through their attorneys, upon personal knowledge as to themselves and upon information and belief as to other matters, bring this Collective Action Complaint against Academy Express, LLC ("Academy Express"), and Airport Express, LLC ("Airport Express") (collectively, "Defendants"), and allege as follows:

## INTRODUCTION

1. Named Plaintiff Ebrima Darboe brings this lawsuit seeking recover against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 *et. seq*.

2. Named Plaintiff brings this lawsuit against Defendants as a collective action on behalf of himself and all other persons similarly situated, as defined below, pursuant to the collective provisions of 29 U.S.C. § 216(b) and Rule 23.

3. From at least September 2022 and continuing through the present, Defendants have engaged in a policy and practice of having their employees regularly work in excess of 40 hours per week without providing overtime compensation as required by the applicable federal laws.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §§ 1331 and by 29 U.S.C. § 216(b).

5. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. At all times material hereto, Plaintiffs performed non-exempt driving duties for the Defendants within New Jersey State counties, such as Passaic County and Bergen County. Defendant is therefore within the jurisdiction and venue of this Court.

7. At all times pertinent to this Complaint, the Defendants, Academy Express and Airport Express, was and are enterprises engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s).

## PARTIES

8. Named Plaintiff Darboe is an adult individual who is a resident of Hackensack, New Jersey.

9. Named Plaintiff Darboe was employed by Defendants in Hoboken, NJ from approximately August 2024 through the present.

10. Upon information and belief, Defendant Academy Express is a New Jersey Corporation and has a principal place of business at 111 Paterson Avenue, Hoboken, New Jersey 07030.

11. Upon information and belief, Defendant Airport Express is a New Jersey Corporation and has a principal place of business at 111 Paterson Avenue, Hoboken, New Jersey 07030.

12. Upon information and belief, at all times relevant to this Complaint, the Defendants, employs individuals to perform labor services on behalf of the Defendants.

13. For purposes of the FLSA claims, the Putative Collective is defined as follows:

> All non-exempt hourly employees that work(ed) for Defendants as drivers who drove within the State of New Jersey, from September 9, 2022 through the present, Office and administrative personnel shall not be part of the proposed Collective.

14. Upon information and belief, at all times relevant to this Complaint, the Defendant Academy Express's annual gross volume of sales made or business done was not less than $500,000.00.

15. Upon information and belief, at all times relevant to this Complaint, the Defendant Airport Express's annual gross volume of sales made or business done was not less than $500,000.00.

16. At all times relevant to this Complaint, the Defendant Academy Express is and was an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

17. At all times relevant to this Complaint, the Defendant Airport Express is and was an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

18. At all relevant times, Academy Express was and is an "employer" subject to the FLSA, 29 U.S.C. § 203(d).

19. At all relevant times, Airport Express was and is an "employer" subject to the FLSA, 29 U.S.C. § 203(d).

20. At all relevant times, Plaintiffs were and are "employees" of Academy Express as

defined by the FLSA, 29 U.S.C. § 203(e).

21. At all relevant times, Plaintiffs were and are "employees" of Airport Express as defined by the FLSA, 29 U.S.C. § 203(e).

22. As an employer to Named Plaintiff and those similarly situated, Academy Express had the power of hiring, firing, promotions, personnel matters, work schedules, pay policies, and compensation.

23. As an employer to Named Plaintiff and those similarly situated, Airport Express had the power of hiring, firing, promotions, personnel matters, work schedules, pay policies, and compensation.

24. Academy Express had direct or indirect control of the terms and conditions of employment and labor relations policies and practices of Plaintiffs and those similarly situated.

25. Airport Express had direct or indirect control of the terms and conditions of employment and labor relations policies and practices of Plaintiffs and those similarly situated.

26. Academy Express had supervisory authority over Plaintiffs and those similarly situated.

27. Airport Express had supervisory authority over Plaintiffs and those similarly situated.

28. Upon information and belief, Defendants are a single integrated enterprise and/or joint employer in that they share a common business purpose and ownership, maintain common control, oversight and direction over the operations of the work performed by Plaintiffs, including payroll, hiring, and firing practices.

29. Upon information and belief, each Defendant has substantial control of Plaintiffs' working conditions and over the unlawful policies and practices alleged herein.

30. Academy Express and Airport Express share common ownership and directors and/or officers.

31. Upon information and belief, Academy Express and Airport Express have de facto exercise of control over each other's actions and behavior.

32. Upon information and belief, Academy Express and Airport Express had unity of personnel policies emanating from a common source.

33. Upon information and belief, Academy Express and Airport Express have control over the employment policies of each other.

34. Upon information and belief, Academy Express and Airport Express have dependency of operations, such that the operations of Academy Express and Airport Express are interrelated.

35. Upon information and belief, both Academy Express and Airport Express are owned by Academy Bus, LLC.

**COLLECTIVE ALLEGATIONS**

36. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

37. The Putative Collective consists of all the similarly situated individuals who are victims of the Defendants' common policy and/or plan to violate the FLSA, by failing to provide overtime wages, at the rate of one- and one- half times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

38. Plaintiffs and the Putative Collective were non-exempt employees eligible to be paid overtime compensation for those hours worked over forty in a week.

39. As part of its regular business practice, Defendants intentionally, willfully, and

repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and members of the Putative Collective. This policy and pattern or practice includes willfully failing to pay Plaintiffs overtime at a rate of one and one half times the regular rate of pay.

40. Upon information and belief, Defendants uniformly apply the same employment policies, practices, and procedures to all employees who work(ed) for Defendants within New Jersey.

41. The Putative Collective is so numerous that joinder of all members is impracticable. The size of the Putative Collective is believed to be in excess of 100 employees. In addition, the names of all potential members of the Putative Collective are not known.

42. The claims of the Named Plaintiff are typical of the claims of the Putative Collective. The Named Plaintiff and the Putative Collective members were all subject to Defendants' policies and willful practices of failing to pay employees all earned overtime wages. The Named Plaintiff and the Putative Collective members thus have sustained similar injuries as a result of Defendants' actions.

43. The questions of law and fact common to the Putative Collective predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to: whether Defendant failed to pay the Plaintiffs and members of the Putative Collective their earned overtime wages, at the full rate of one and one half the times the regular rate of pay, for all hours worked in excess of forty (40) hours in any given week.

44. The Named Plaintiff and his counsel will fairly and adequately protect the interests of the Putative Collective. The Named Plaintiff has retained counsel experienced in complex wage and hour collective action litigation.

45. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiff and Putative Collective lack the financial resources to adequately prosecute separate lawsuits against Defendants. Furthermore, the damages for each individual are small compared to the expense and burden of individual prosecution of this litigation.

46. This action is properly maintainable as a collective action pursuant to § 216(b) of the FLSA.

47. A collective action under § 216(b) also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

**FACTS**

48. Based upon the information preliminarily available, and subject to discovery in this cause, the Defendants did not properly compensate Plaintiffs for all overtime hours they worked in a work week.

49. Named Plaintiff Darboe is employed by Defendants full time as a bus driver in Defendants' Hoboken, NJ location, from approximately August 2024 through the present. Darboe drives bus routes within New Jersey, such as routes located in Bergen County.

50. The bus Named Plaintiff drives for Defendants as part of his employment is marked that it is operated by Academy Express.

51. Upon information and belief, Plaintiffs' job duties consist of driving buses on routes within New Jersey State.

52. Named Plaintiff is paid approximately $26.75 per hour by Defendants.

53. Named Plaintiff's paystubs contain Airport Express's name, and a logo that says Academy (the "Academy Logo").

54. The Academy logo is used by and represents Academy Express.

55. The Academy logo is also used by and represents Airport Express.

56. Named Plaintiff's paystubs list 111 Paterson Avenue, Hoboken NJ 07030 as the address of his employer.

57. 111 Paterson Avenue, Hoboken NJ 07030 is Academy Express's and Airport Express's address.

58. Academy Express and Airport Express share the same phone number, (201) 420-7000.

59. When Named Plaintiff began working for Defendants, he was provided with a document containing benefits he would receive as an employee, such as his rate of pay. It contained the Academy logo and the phone number, (201) 420-7000.

60. The uniform Named Plaintiff wears while performing his duties for Defendants has the Academy logo.

61. Defendants provided Named Plaintiff with a manual on what to do if an operator is involved in an accident. The manual has the Academy logo. The manual also states the address as 111 Paterson Avenue, Hoboken NJ 07030. The manual has a picture of a bus, which has written on the side that the operator is Academy Express.

62. The manual refer to Defendants' employees as "Academy employees."

63. Airport Express's doing business as name is "Academy."

64. From approximately August 2024 to the present, Named Plaintiff typically worked five (5) days per week from approximately 6:00 a.m. to approximately 2:30 p.m.

65. Named Plaintiff regularly worked in excess of forty (40) hours per week. For example, during the week from June 21, 2025 to June 27, 2025, Named Plaintiff Darboe worked

approximately 41.22 hours. For each of those hours, Named Plaintiff Darboe was paid his straight rate of $26.75.

66. While working for Defendants, the Plaintiffs were regularly required to work over forty hours in a week without receiving the overtime rate at one and one-half times the hourly rate for hours worked in excess of forty each week, as required by applicable federal and state law.

67. Rather, Plaintiffs would be compensated at their straight rate of pay, regardless of how many hours they worked in a week.

68. Named Plaintiff Darboe was not paid at a rate of 1.5x his hourly rate for the hours he worked over forty (40) each week.

69. Similarly, Plaintiffs worked more than forty (40) hours per week, yet were always paid at their straight rate of pay.

70. As such, Named Plaintiff and Putative Collective Members were not paid overtime compensation at the rate of one and one half times their regular wage rate for all hours worked after forty per week.

71. Upon information and belief, Defendants' failure to pay Named Plaintiff and Putative Collective Members overtime compensation for all hours worked beyond forty (40) in a week was willful.

72. This action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonably attorneys' fees under the provisions of 29 U.S.C. §216(b), on behalf of Named Plaintiff and all other current and former employees similarly situated during the material time.

73. At all time pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, in that Plaintiffs performed services and labor for Defendants for which

Defendants made no provision to pay Plaintiffs and all other similarly situated employees the proper overtime compensation to which they were lawfully entitled for those hours worked in excess of forty (40) within a work week.

74. Plaintiffs have retained the law offices of Virginia & Ambinder, LLP to represent them individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. §216(b), Plaintiffs are entitled to recovery of reasonable attorneys' fees and costs.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION**
**PURSUANT TO THE FLSA**

75. Plaintiffs re-allege, and incorporate here by reference, all allegations contained in the above paragraph.

76. Under the FLSA, Named Plaintiff and similarly situated hourly employees are entitled to be compensated for all hours worked in excess of forty (40) hours per week pursuant to section 207 of the FLSA.

77. Defendants willfully, knowingly, purposefully, and recklessly failed to pay Named Plaintiff and Putative Collective Members their proper overtime compensation rate when they worked in excess of forty (40) hours per week.

78. All similarly situated employees of the Defendant are owed overtime pay for each and every overtime hour they worked and were not properly paid.

79. Named Plaintiff and Putative Collective Members worked more than forty (40) hours per week, yet were paid at their straight rate of pay instead of the at the proper overtime rate.

80. As such, Named Plaintiff and Putative Collective Members were not paid overtime compensation at the rate of one and one half times their regular wage rate for all hours worked after forty per week.

81. Upon information and belief, Defendants' failure to pay Named Plaintiff and Putative Collective Members overtime compensation for all hours worked beyond forty (40) in a week was willful.

82. On this claim for relief, the Named Plaintiff, on behalf of himself and the Putative Collective, seek the payment of all unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked and wages actually paid to the Named Plaintiff and the Putative Collective.

83. Plaintiffs also seek all available damages, including an award of liquidated damages in the amount of 100% of the unpaid regular and overtime wages, plus attorneys' fees, interest, and costs as provided for by the FLSA.

**JURY TRIAL**

84. Plaintiffs and similarly situated employees demand a jury trial.

**WHEREFORE**, Named Plaintiff, individually and on behalf of the Putative Collective, demands judgment:

(1) On the First Cause of Action against Defendants, all applicable damages including but not limited to unpaid overtime wages in an amount to be determined at trial, plus liquidated damages in an equal amount, interest, attorneys' fees and costs, pursuant to the FLSA; and

(3) Such other and further relief as this Court may deem just and proper.

Dated: December 12, 2025
New York, New York

VIRGINIA & AMBINDER, LLP

By: */s/ Jenny S. Brejt*

Jenny S. Brejt, Esq.
Jack L. Newhouse, Esq.
40 Broad Street, 7th Floor
New York, New York 10004
(212) 943-9080
jbrejt@vandallp.com
jnewhouse@vandallp.com

*Attorneys for Plaintiffs and the Putative Collective*